NOT DESIGNATED FOR PUBLICATION

No. 119,031

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

BRIAN JOSHUA FRIEND,
*Appellee.*

MEMORANDUM OPINION

Appeal from Johnson District Court; TIMOTHY P. MCCARTHY, judge. Opinion filed September 21, 2018. Sentence vacated and case remanded with directions.

*Jacob M. Gontesky*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellant.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellee.

Before ATCHESON, P.J., HILL, J., and STUTZMAN, S.J.

PER CURIAM: The State appeals a downward dispositional departure granted by the Johnson County District Court to Brian Joshua Friend. Under the provisions described in *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), Friend had entered a plea to the crime of criminal threat, a severity level 9 person felony. The State contends the district court's reason for the departure was not supported by substantial competent evidence. We agree and remand to the district court with directions.

1

Shaunn Nielsen and her son lived in a townhome. She was in a relationship with Friend, who spent time at the townhome as well, although he had his own residence. In July 2017, Nielsen and Friend got into an argument over "trust issues" and Nielsen took her son and left the home for a while. When she returned, Friend had packed his belongings and was leaving the residence. Inside the townhome, everything was thrown over, there was broken glass, and an entertainment center was lying on its side. Other property was damaged, there were holes in the wall, and an epithet was written on her bathroom mirror. Law enforcement later testified Nielsen told them Friend threatened to kill her. Nielsen testified she did not recall saying that to the police and denied feeling threatened.

The State charged Friend with criminal threat, criminal damage to property, and violation of a protective order and filed a motion for an upward dispositional and durational departure. Friend entered into a plea agreement by which the State would dismiss the counts charging criminal damage and violating the protective order and would withdraw its motion for upward departure. The parties agreed to recommend the aggravated sentence in the presumed sentence grid box while allowing argument for service of the sentence or probation. In return, Friend agreed to enter an *Alford* plea to the single count of criminal threat.

Friend did not file a motion for departure from the sentence presumed under the revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2017 Supp. 21-6801 et seq., for the severity of his crime and his criminal history. That omission notwithstanding, however, he argued at sentencing for a downward dispositional departure from the presumed sentence for what his counsel characterized as "this relatively minor occurrence." His counsel represented Friend was a veteran with a 60 percent disability due to his service and was self-employed in construction. He also told the district court

2

Friend was supporting himself and helped Nielsen, a nurse, and her son, who has diabetes. Counsel further contended that since Nielsen was not present at sentencing and submitted no victim impact statement: "There has been no impact. This incident has had no impact on her, or she would be here." Friend did not testify or submit other evidence.

The State pointed out that Friend did not submit any evidence or documentation supporting any of the claims made in his counsel's argument or present anything showing an effort to address anger or substances issues. The State also argued his prior criminal history, particularly the timing of his prior crimes, showed Friend was not amenable to probation. In the course of reviewing Friend's criminal history, the State pointed out that the incident behind the third conviction, for aggravated battery, occurred while Friend was on bond for the incident that became the second conviction, an aggravated assault. The female victim had physical injuries. Friend was sent to prison and when he was paroled for those crimes committed the crime of harassment of that prior victim.

The harassment conviction was followed by a conviction for another crime involving physical injury to a woman in an argument. And finally, the State observed that Friend's last two convictions were for "DUIs," (actually Missouri convictions shown as "Driving While Intoxicated"), and Friend was on probation for those crimes when he committed the one for which he was being sentenced. The State commented that the DUI was Friend's seventh, and the last of those two was committed three days after going on probation for the prior one. From that sequence, the State maintained Friend did not just have a history of failing to follow through on court orders, but his history was of violent acts resulting in harm to others while under supervision.

Finally, the State argued Friend's absence while in prison would be in the best interests of both Nielsen and her son. The State contended there was nothing to support the idea that there were substantial and compelling reasons for departure.

3

The district court then addressed Friend's counsel, David Curotto, in the following exchange:

"THE COURT: All right. Mr. Curotto, one other question that I got that I meant to ask you earlier, I'm presuming by your argument and your request in this case that your client is amenable to whatever programs would be available in a probation?

"CUROTTO: Absolutely Judge. Absolutely. He's committed to satisfying whatever court requirements this court would impose under a sentence of probation."

The remarks from counsel complete, the district court stated:

"This is a difficult case, and I certainly understand [the State's] request. And the concern[] that the Court has is in reading the PSI, that there is a criminal history score of B. This is a presumptive prison case pursuant to the presentence investigation.

"I do understand the argument of defense as well. And I did review all the specific charges in the time frame that they were in, and I am aware that the defendant is a veteran. *The Court is going to grant defendant's motion for downward dispositional departure. And the reason I'm doing so is because I believe that the defendant will be amenable to programs that would be available to him on a probation that I don't think he's had an opportunity to in these other cases to avail himself of.*" (Emphasis added).

The district court sentenced Friend to 15 months in prison but granted probation for 12 months. The State appeals.

ANALYSIS

The State offers two bases for finding error in the district court's decision to depart from the presumed sentence to grant probation to Friend. The first is narrow, arguing that Friend's amenability to probation—the district court's stated reason for departure—was not supported by substantial competent evidence. The broader second argument asks that we find a mere promise by counsel that a defendant will comply with probation, standing

4

alone, can never constitute a substantial or compelling reason for departure. Because we find the first argument meritorious, we need not decide whether a broader principle applies.

*No substantial competent evidence to support departure*

*Standard of review*

The Kansas Supreme Court has prescribed a two-step process for the review we must undertake:

> "An appellate court's review of dispositional departure sentences is limited to whether the sentencing court's findings of fact and reasons justifying a departure (1) are supported by the evidence in the record and (2) constitute substantial and compelling reasons for departure. [Citation omitted]." *State v. Martin*, 285 Kan. 735, Syl. ¶ 1, 175 P.3d 832 (2008).

For the first of those steps, we apply the substantial competent evidence standard of review since the question is whether the record supports the reason for the departure. *State v. Reed*, 302 Kan. 227, 249, 352 P.3d 530 (2015). "Substantial competent evidence is legal and relevant evidence a reasonable person could accept to support a conclusion. [Citation omitted.]" *State v. Talkington*, 301 Kan. 453, 461, 345 P.3d 258 (2015).

*Discussion*

When a defendant has pled guilty to a crime punishable by the KSGA, a district court must impose the presumptive sentence prescribed by the KSGA unless the court finds "substantial and compelling reasons to impose a departure" and states those reasons on the record when the sentence is imposed. K.S.A. 2017 Supp. 21-6815(a). In this context, the term "substantial" means something real rather than imagined and something

5

with substance rather than ephemeral. "'A reason is "compelling" when it "forces the court, by the facts of the case, to abandon the status quo and to venture beyond the sentence that it would ordinarily impose."' [Citations omitted.]" *Reed*, 302 Kan. at 250.

It is not our role to speculate about the district court's thought process or to search the record for potentially valid departure rationales. Our review must consider only the factors stated by the district court at sentencing. *State v. Ussery*, 34 Kan. App. 2d 250, 252-53, 116 P.3d 735 (2005).

Friend did not testify or make a statement at sentencing. His counsel presented no testimony or other evidence, offering only his own assertions about Friend's military service, his employment, his help with Nielsen's child, and his conclusion about the victim's absence from the hearing—"[t]his incident has had no impact on her, or she would be here." Friend's counsel acknowledged his client's history showed "run-ins with the law" and that the sentencing guidelines "may suggest prison, or presumed prison for this relatively minor occurrence," but he asked the district court to "seriously consider probation in lieu of [a] prison sentence."

The State first responded to the comments from Friend's counsel by arguing: "I don't think you can just stand up and say those things. There has to be evidence of that. And we have no evidence, documentation of anything." The State also detailed the sequence of Friend's prior convictions and his pattern within that series of violating conditions set while on bond, parole, or probation.

That part of the hearing concluded with the district court soliciting assurance from Friend's counsel that Friend could be counted on to participate in any programs made available on probation. Not surprisingly, the assurance was readily given. With no elaboration beyond noting the presumed prison status and stating an understanding of the comments made on Friend's behalf, the district court announced the dispositional

6

departure "because I believe that the defendant will be amenable to programs that would be available to him on a probation that I don't think he's had an opportunity to in these other cases to avail himself of."

The record contains no substantial competent evidence to support the district court's stated reason for the dispositional departure. Friend's counsel neither argued nor even suggested that, given the right program, Friend would succeed on probation. Although the district court concluded Friend would be amenable to programs to which he had not previously had access, the record from the hearing shows no discussion whatsoever about any programs previously made available to Friend. The most concrete information before the court—Friend's criminal history, which included new crimes committed while on supervised release of one type or another—pointed to him *not* being amenable to supervision on probation.

Beyond the ready representation by Friend's counsel about his client's compliant prospects, the record is simply devoid of any evidence, or even comment, that would support the district court's reason for departure. There was no "legal and relevant evidence" that a reasonable person could accept to support the district court's conclusion about amenability. See *Talkington*, 301 Kan. at 461.

Friend also contends the district court departed from the presumptive sentence because it relied on counsel's arguments that Nielsen was not impacted by the crime and Friend provided support for Nielsen and her son. The record does not support this argument. The district court's comment that "I do understand the argument of defense as well" shows only the district court's recognition of the argument. Even if such a generic statement could be divined to refer to the factors Friend suggests, they were not part of the brief, but clear, statement of the district court's reason for departure. The district court's declaration that "the reason I'm doing so is because . . ." leaves no room for us to

7

question that what followed was, indeed, the court's reason for the departure. The record fails to provide support for this argument.

Because the record contains no substantial competent evidence to support the district court's stated reason for its dispositional departure, the court's failure to impose the presumed sentence was error. And, because of the lack of substantial competent evidence to support the departure, we need not consider the second step under *Martin* or the State's argument about asserted amenability as a legally sufficient standalone basis for departure.

Therefore, the sentence must be vacated and the case remanded to the district court. On remand, the district court may articulate evidence from the existing sentencing record in support of the dispositional departure or state a different substantial and compelling reason for the departure and its support in that record. See *State v. Blackmon*, 285 Kan. 719, 732, 176 P.3d 160 (2008).

Sentence vacated and case remanded with directions.